DECISION OF DISMISSAL
This matter is before the court on Defendant's motion to dismiss (motion), filed with its Answer on June 3, 2011, requesting that the Complaint be dismissed.
Plaintiffs' filed their Complaint on May 17, 2011, challenging the classification of property identified as Account 13878 for the 2007-08 tax year. Defendant filed its Answer on June 3, 2011, requesting that this case be dismissed because the court does not have jurisdiction under ORS 305.288. A case management conference was held on July 12, 2011, during which the parties discussed Defendant's motion and agreed to a schedule by which the parties would submit written arguments to the court on Defendant's motion.
ORS 305.288(3) allows for an appeal to this court of the current tax year and "either of the two tax years immediately preceding the current tax year" if there is good and sufficient cause for the taxpayer's failure to follow the prescribed appeal process.[1]
ORS 305.288(3) provides, in pertinent part:
 "The tax court may order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two tax years immediately preceding the current tax year if, for the year to which the change or correction is applicable, the assessor or taxpayer has no statutory right of appeal remaining and the tax court determines that good *Page 2 
and sufficient cause exists for the failure by the assessor or taxpayer to pursue the statutory right of appeal."
Plaintiffs note that this court previously found that Plaintiffs had "good and sufficient cause" under ORS 305.288(3) for their failure to timely appeal the 2008-09 tax year to the board of property tax appeals (BOPTA). Roberge v. Hood River Assessor(Roberge), TC-MD No 100030B (Mar 29, 2011).[2] Plaintiffs argue that, because this court previously found that "good and sufficient cause" existed for Plaintiffs' failure to timely appeal the 2008-09 tax year, Defendant is precluded under the doctrine of issue preclusion from moving for dismissal under ORS 305.288(3) with respect to the 2007-08 tax year. (Ptfs' Resp to Mot to Dismiss at 5.)
ORS 305.288(3) allows this court to "order a change or correction applicable to a separate assessment of property to the assessment or tax roll for the current tax year and for either of the two taxyears immediately preceding the current tax year[.]" (Emphasis added.) "Tax year" is defined as "a period of 12 months beginning on July 1." ORS 308.007(1)(c). Plaintiffs' filed their Complaint on May 17, 2011, a date that fell within the 2010-11 tax year, running from July 1, 2010, to June 30, 2011. For purposes of this appeal, the "current tax year" is the 2010-11 tax year and "the two tax years immediately preceding the current tax year" are the 2008-09 and 2009-10 tax years. The 2007-08 tax year is beyond the court's jurisdiction under ORS 305.288(3). For that reason, the court need not consider whether Plaintiffs' had *Page 3 
"good and sufficient cause" within the meaning of ORS 305.288(3), (5) for failing to timely appeal the 2007-08 BOPTA Order to this court.[3]
Plaintiffs' appeal of the 2007-08 tax year is beyond the court's jurisdiction under ORS 305.288(3) and Defendant's motion must be granted. Now, therefore,
IT IS THE DECISION OF THIS COURT that this matter be dismissed.
Dated this ___ day of October 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Pro Tempore Allison R.Boomer on October 5, 2011. The Court filed and entered this documenton October 5, 2011.
[1] All references to the Oregon Revised Statutes (ORS) are to 2009.
[2] Roberge involved the same parties and the same property as are involved in this appeal. The court in Roberge declined to consider Plaintiffs' request for relief for the 2007-08 tax year, finding that "Plaintiffs' complaint did not include an appeal of tax year 2007-08. Plaintiffs have never properly put that tax year before the court. Because that tax year is not properly before the court, Plaintiffs' request to change the subject property's classification for tax year 2007-08 is moot." Roberge, TC-MD No 100030B at 7.
[3] Plaintiffs state that they filed an appeal with BOPTA for the 2007-08 tax year and "achiev[ed] a value reduction." (Ptfs' Resp to Mot to Dismiss at 1.) Plaintiffs further state that, "[a]t that time, [they] asked Defendant about the commercial classification, which Plaintiffs believed was erroneous, but were told that there was nothing that could be done." (Id.)
 *Page 1